

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2006

# Lauersen v. Durling

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lauersen v. Durling" (2006). *2006 Decisions*. Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-268                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1719
_____

NEILS H. LAUERSEN,
Appellant

v.

WALTER A. DURLING,
Immigration Judge;
U.S. DEPARTMENT OF JUSTICE;
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW;
ALBERTO GONZALES,
U.S. Attorney General

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-CV-00286)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, CIRCUIT JUDGES

(Filed July 13, 2006  )

_____
OPINION
_____

PER CURIAM

Dr. Neils H. Lauersen appeals from an order of the United States District Court for the Middle District of Pennsylvania, denying his petition for a writ of mandamus.[1]  We will affirm.

Lauersen, a native and citizen of Denmark, was issued a Notice to Appear, charging him with being removable for having committed an aggravated felony.  An Immigration Judge (IJ) found him removable as charged on January 18, 2006.  On February 7, 2006, Lauersen filed a petition for writ of mandamus in the District Court, arguing that the IJ lacked jurisdiction because his criminal conviction was on direct appeal.

The District Court properly denied the petition, noting that relief pursuant to 28 U.S.C. § 1361[2] is only available if the plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted).  At the time Lauersen filed his petition, he had not appealed the IJ's decision to the Board of Immigration Appeals (BIA).[3]  Thus, the

---

[1] We note that Lauersen filed a Motion to Alter or Amend Judgment, and a Motion to Reconsider the denial of the first motion.  As Lauersen has not filed an appeal from the orders denying those motions, we do not discuss them here.

[2] Section 1361 gives district courts jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

[3] We take judicial notice that the BIA has since denied Lauersen's motion to remand to the IJ for reconsideration and has dismissed his appeal.  Lauersen filed a petition for review of that decision, docketed in this Court at C.A. No. 06-3034, and that appeal is pending.

Court properly denied his petition for lack of jurisdiction. We further note that to the extent Lauersen sought review of his order of removal, the District Court lacked jurisdiction for another reason--pursuant to 8 U.S.C. § 1252(a)(5), a "petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."

For the foregoing reasons we will affirm the order of the District Court.